OPINION
{¶ 1} Matthew D. Stewart appeals from the judgment of the Lake County Court of Common Pleas, sentencing him to a prison term of ten years pursuant to his guilty plea to two counts of gross sexual imposition. He contends the trial court erred by sentencing him to the maximum and consecutive terms for his offenses. For the following reasons, we affirm.
 {¶ 2} Substantive Facts and Procedural History *Page 2 
 {¶ 3} On December 31, 2007, Mr. Stewart was indicted on two counts of rape, felonies of the first degree, four counts of attempted rape, felonies of the second degree, and four counts of gross sexual imposition, felonies of the third degree. These charges stemmed from his offenses committed against a seven-year-old and an eight-year-old girl sometime in the summer of 2007. The girls, who are cousins, had a sleepover at the seven-year-olds grandparents' house, where Mr. Stewart, a friend of the homeowners' son, was staying that night. In the middle of the night, Mr. Stewart, who had been drinking alcohol and smoking marijuana upstairs, went downstairs, where the two girls slept on a couch. He approached them and digitally penetrated the anus of each girl. The girls subsequently reported the incident to the seven-year-olds grandmother, who then contacted the police and reported the incident.
 {¶ 4} On May 27, 2008, Mr. Stewart pled guilty to two counts of gross sexual imposition and the trial court, upon the state's request, entered a nolle prosequi on the remaining counts in the indictment. The court ordered a presentence investigation and report and then conducted a sentencing hearing.
 {¶ 5} At that hearing, the eight-year-old victim's father and the seven-year-old victim's grandmother, as well as Mr. Stewart, addressed the court. After the hearing, the court imposed a maximum and consecutive sentence for Mr. Stewart's offenses, for a total prison term of ten years. Mr. Stewart now appeals, assigning the following error for our review:
 {¶ 6} "The trial court erred by sentencing the defendant-appellant to the maximum, consecutive term of imprisonment." *Page 3 
 {¶ 7} Although the assignment of error references his maximum and consecutive prison term, Mr. Stewart frames the issue for review in this assignment of error as: whether "[t]he trial court erred when it imposed a prison term where its findings under R.C. 2929.12 were not supported by the record." Specifically, he contends that the trial court failed to give appropriate weight to his genuine remorse, a recidivism factor under R.C. 2929.12(E), and failed to give appropriate consideration to his background of mental illness and history of drug and alcohol use, mitigating factors for the "seriousness" analysis.
 {¶ 8} Regarding maximum and consecutive sentences, inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio severed and excised R.C. 2929.14(C) and (E), which required judicial fact-finding for an imposition of maximum and consecutive sentence, respectively. The court held that the trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum or consecutive sentences. Id. at paragraph seven of the syllabus. Consequently, when a trial court imposes such punishment on a defendant, we no longer review the record to determine if the record supports it findings. See State v. Swank, 11th Dist. No. 2008-L-019, 2008-Ohio-6059, ¶ 28.
 {¶ 9} Rather, when reviewing a felony sentence postFoster, we are now required to engage in a two-step analysis recently set forth by the Supreme Court of Ohio in State v.Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912.
 {¶ 10} "In applying Foster to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all *Page 4 
applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id. at ¶ 4.
 {¶ 11} The first prong of the analysis instructs that "the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." Id. at ¶ 14.
 {¶ 12} The court explained that the applicable statutes to be applied by a trial court include the felony sentencing statutes R.C. 2929.11 and R.C. 2929.12, which are not fact-finding statutes like R.C. 2929.14. Id. at ¶ 17. Therefore, as part of its analysis of whether the sentence is clearly and convincing contrary to law, an appellate court must ensure that the trial court considered the purposes and principles of R.C. 2929.11 and the factors listed in R.C. 2929.12.
 {¶ 13} Applying the first prong of the analysis to the underlying case, the court in Kalish concluded that the trial court's sentence was not clearly and convincingly contrary to law, because (1) the trial court "expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12," (2) it properly applied post-release control, and (3) the sentence was within the permissible range. Id. at ¶ 18.
 {¶ 14} If a reviewing court is satisfied that the sentence is not clearly and convincingly contrary to law under the first prong, the court must then engage in the second prong of the analysis, which requires an appellate court to determine whether *Page 5 
the trial court abused its discretion in selecting a sentence within the permissible statutory range. Id. at ¶ 17. The court explained the effect of R.C. 2929.11 and 2929.12 in this regard:
 {¶ 15} "R.C. 2929.11 and 2929.12 * * * are not fact-finding statutes like R.C. 2929.14. Instead, they serve as an overarching guide for trial judge to consider in fashioning an appropriate sentence. In considering these statutes in light of Foster, the trial court has full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. Moreover, R.C. 2929.12 explicitly permits trial courts to exercise their discretion in considering whether its sentence complies with the purposes of sentencing. It naturally follows, then, to review the actual term of imprisonment for an abuse of discretion."Kalish at ¶ 17.
 {¶ 16} Applying the second prong of the analysis to the underlying case, the Supreme Court of Ohio noted that the trial court in that case "gave careful and substantial deliberation to the relevant statutory considerations," and that "there is nothing in the record to suggest the trial court's decision was unreasonable, arbitrary, or unconscionable." Id. at ¶ 20. The court therefore affirmed the appellant's sentence.
 {¶ 17} In the instant case, the record reflects that before the court sentenced Mr. Stewart, it stated: "The Court has considered the overriding purposes and principles of felony sentencing as set forth in Revised Code Section 2929.11, those being to punish this Defendant as well as to protect the public from future crimes committed by this Defendant, as well as by others. In determining the most effective way to comply with those purposes and principles, the Court has considered all relevant factors, including *Page 6 
but not limited to those set forth in 2929.12 of the code relating to the seriousness of the Defendant's conduct, as well as the likelihood that he will commit crimes in the future."
 {¶ 18} The court expressly stated that it considered the complete record, including the presentence investigation report, and the recommendations of the Lake County Adult Probation Department, the four separate victim impact statements by the victims' family members, a letter from Mr. Stewart's mother, and all the statements made in the court.
 {¶ 19} In its judgment entry, the court again stated "[t]his court has also considered the record, oral statements, any victim impact statement, pre-sentence report and/or drug and alcohol evaluation submitted by the Lake County Adult Probation Department of the Court of Common Pleas Court, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under 2929.12."
 {¶ 20} Thus, the record reflects the trial court considered the requisite statutory factors in sentencing Mr. Stewart. Furthermore, the sentence was within the permissible statutory range. Therefore, applying the first prong of the Kalish analysis, we do not find the trial court's sentence to be clearly and convincingly contrary to law.
 {¶ 21} Moving to the second prong of the Kalish analysis, we next determine if the trial court abused its discretion in selecting a sentence within the permissible statutory range.Kalish at ¶ 17. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219 *Page 7 
 {¶ 22} Mr. Stewart complains in particular that the trial court failed to properly consider the seriousness and recidivism factors in R.C. 2929.12. The record before us, however, reflects otherwise.
 {¶ 23} The transcript shows the trial court noted several factors under R.C. 2929.12(B) indicating his conduct is "more serious" than conduct normally constituting the offense. It pointed out the victims' young ages and the serious psychological harm they suffered from the sexual conduct inflicted on them, as well as Mr. Stewart's use of his friendship with the victims' family to facilitate his offenses.
 {¶ 24} In considering the factors making recidivism more likely under R.C. 2929.12(D), the court noted Mr. Stewart's juvenile delinquency adjudication in 2005 for his offense of attempted gross sexual imposition against another young victim and his conviction of possession of marijuana in 2006. It also observed that Mr. Stewart did not respond favorably to the previously imposed sanctions for the similar offense in 2005; has shown no genuine remorse for his behavior in the instant case; and has not taken full and complete responsibility for what he had done to the victims.
 {¶ 25} In considering R.C. 2929.12 (C) and (E), the court also specifically stated that nothing in the record indicated Mr. Stewart's offenses were "less serious" or recidivism would be less likely in the future. In addition, the transcript reflected the following remark by the court:
 {¶ 26} "Mr. Stewart, you are fortunate that the Prosecutor's office, with the consent of the victims, decided to recommend dismissal of all charges that were more serious then [sic] the two charges to which you pleaded guilty to here in this case. That does not change the fact, however, that your conduct was serious, outrageous, and *Page 8 
potentially has scarred for life these two young seven and eight year old girls. A child's life, a child's personality, who that child is going to become, those are all determined by the experience that they have in life, and how their environment is that surrounds them. In this particular case, Mr. Stewart, you have altered the normal experience, and the natural environment that these two children should have had. You introduced these young girls to fear, to mistrust, to guilt, and to confusion. You robbed them of their sexual innocence at a time when their normal growth and development would require that innocence be maintained. No question, no question what you did to these two young girls were serious. And hopefully the strong support of family and friends, along with professional counseling, if necessary, will minimize the negative impact that you have placed upon their young lives.
 {¶ 27} "But not only is it serious, the Court has to take into account whether or not this was an isolated instance or whether or not the pubic and the community and other young children need to be protected from criminal behavior such as yours. And in this particular case I cannot ignore the fact that three years before this incident, although you were a juvenile, 17 years of age, you were adjudicated delinquent for the crime of attempted gross sexual imposition involving a minor child of the similar age of the two children involved in this particular case. So, in addition to punishment, this Court clearly must protect the public from future crimes to be committed by you."
 {¶ 28} Reviewing the record, we are satisfied that the trial court gave careful and substantial deliberation to the relevant statutory considerations. Kalish at ¶ 20. Nothing in the record suggests that the court's imposition of maximum and consecutive *Page 9 
sentence was unreasonable, arbitrary, or unconscionable and therefore we find no abuse of discretion under the second prong of theKalish analysis.
 {¶ 29} Mr. Stewart argues in particular that he has shown genuine remorse, one of the R.C. 2929.12(D) factors indicative of the likelihood of the offender committing future crimes. He complains the trial court failed to give his remorse appropriate weight, pointing us to his statement at sentencing that "I believe that some of the family members of the victims are behind me, I would like to apologize to them. And I hope that this doesn't ruin any chance that their daughters having a full, happy life."
 {¶ 30} We defer to the trial court the determination of whether this remark by Mr. Stewart indicates genuine remorse, as the trial court was in a better position than this court to make that determination.State v. Eckliffe, 11th No. 2001-L-105 2002-Ohio-7136, ¶ 32, citing State v. Nutter
(Aug. 24, 2001), 3d Dist. No. 16-01-06, 2001, Ohio App. LEXIS 3752, *5. The trial court in this case concluded that Mr. Stewart has not shown genuine remorse and we will not second-guess that conclusion. Furthermore, regardless of whether Mr. Stewart exhibited genuine remorse, we note that "[a] trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion." State v. Delmanzo, 11th Dist. No. 2007-L-218, 2008-Ohio-5856, ¶ 23. The record shows the trial court considered the remorse factor as required by R.C. 2929.12(D) and determined Mr. Stewart lacked genuine remorse. We will give due deference to that determination as well as the weight the court assigned to this factor. *Page 10 
 {¶ 31} Mr. Stewart also complains the trial court failed to give appropriate consideration to his history of depression and drug and alcohol use, which he argues mitigates the seriousness of his conduct.
 {¶ 32} R.C. 2929.12(C)(4) requires the court to consider whether there are "substantial grounds to mitigate the offender's conduct," in deciding whether the offender's conduct is "less serious" than conduct normally constituting the offense.
 {¶ 33} The presentencing report reflects Mr. Stewart had a history of substance abuse since the age of 14, for which he attended a treatment program in 2005 but stopped attending after only a couple of sessions. We fail to see how his substance abuse, without a completion of any treatment program, could be a substantial mitigating factor under R.C. 2929.12(C)(4). Therefore, the trial court did not abuse its discretion in not considering his history of substance abuse as a mitigating factor.
 {¶ 34} Our review of the record in this case reflects the trial court's sentence is not clearly and convincingly contrary to law. It further reflects careful and substantial deliberation by the court to the relevant statutory considerations and no abuse of discretion. Mr. Stewart's assignment of error is without merit.
 {¶ 35} The judgment of the Lake County Court of Common Pleas is affirmed.
Diane V. Grendell, J., Colleen Mary Otoole, J., concur. *Page 1