[Cite as *State v. Daniel*, 2016-Ohio-764.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-094** |
| TODD A. DANIEL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 15 CR 000416.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Greishammer*, Lake County Public Defender, and *Vanessa R. Clapp*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Todd A. Daniel, appeals his sentence following his guilty plea to two counts of pandering sexually oriented matter involving a minor arguing that the imposition of consecutive, maximum prison terms is not supported by the record, and as such, is contrary to law. We affirm.

{¶2} Daniel waived formal indictment and pleaded guilty to two, fourth degree felonies of pandering sexually oriented matter involving a minor under R.C. 2907.322(A)(5). These charges stem from his conduct in soliciting, exchanging, receiving, purchasing and/or possessing pornographic material involving children during two time periods in 2013. Daniel acknowledged engaging in this conduct "off and on" a few times per week for approximately a year before being charged. The first offense involved the time period from January 26, 2013 through April 30, 2013 and the second charge encompassed his actions from May 1, 2013 through October 6, 2013. The prosecutor stated at the plea hearing that more than 500 images were located on Daniel's computer and he initially informed the police that he had accidentally stumbled onto these images.

{¶3} Thereafter, Daniel explained at sentencing that he stopped his illegal conduct once he realized the ramifications that it had on his family. He felt guilty since he now has children; he explained:

{¶4} "I would just like to apologize for my actions, they are based on pure stupidity. I wasn't thinking of my family at the time. I realize now that, that my actions not only affected others who I don't know but it also impacted my family and my friends and my current situation, my job and everything else, so I would just like to apologize for my actions."

{¶5} Upon confirming that Daniel completed a mandatory treatment program during his prior imprisonment and a program involving victim awareness before the offenses occurred resulting in this case, the trial court responded with significant

2

concern. It questioned why Daniel continued his illegal actions involving minors in spite of his knowledge that it was wrong and illegal:

{¶6} "THE COURT: So what I unfortunately see here is this pattern that has repeated itself going back to '04 when you left town with a thirteen year old girl and now * * * eleven years later you're in a situation where you're still, you still got this predilection to thirteen or fourteen year old girls and that hasn't changed and so that's of great concern to me. * * * So how am, how do I become convinced that you've changed if you can't even tell me why you did it, what the root of the problem is * * *. "

{¶7} Daniel responded that his actions were based on stupidity. He claims to have grown up as a result of attending rehabilitation programs in prison. He stated that the programs made him feel guilty about his actions involving minors, but he "wasn't sure why [he] continued the [illegal] behavior."

{¶8} A victim impact statement was read at Daniel's sentencing reflecting the victim's ongoing trauma resulting from the images and videos that Daniel was viewing and sharing. The victim explained the humiliation she continues to suffer as a result of the thought of people watching videos of her being raped as a child in spite of the fact that the videos were taken years prior.

{¶9} Daniel's presentence investigation report includes a psychologist's evaluation who rates Daniel's risk for recidivism as high based on his repeated conduct involving minors and failed attempts at rehabilitation.

{¶10} The trial court sentenced appellant to 48 months in prison comprised of two consecutive 18-month sentences for the pandering offenses as well as an additional 12-month sentence for appellant's post-control violation following his conviction for

3

unlawful sexual conduct with a minor. He was also classified as a tier II sex offender registrant. He timely appeals and asserts one assigned error:

**{¶11}** "The trial court erred by sentencing the Defendant-Appellant to consecutive, maximum terms."

**{¶12}** R.C. 2953.08(G)(2) dictates our standard of review, *State v. Long*, 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, ¶71, which states:

**{¶13}** "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

**{¶14}** "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if *it clearly and convincingly finds* either of the following:

**{¶15}** "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶16}** "(b) That the sentence is otherwise contrary to law." (Emphasis added.)

**{¶17}** Appellant claims that his sentence is contrary to law because the trial court ignored factors that it was required to consider. Daniel does not allege that there was a lack of consecutive sentencing findings. Instead, he challenges the duration of his term and asserts that his sentence is not supported by the record because the trial

4

court discounted factors that make his behavior less serious and that support a shorter prison sentence. Specifically, he alleges to have demonstrated genuine remorse and accountability for his offenses.

{¶18} However, the trial court indicated in its judgment entry that it considered the factors in 2929.13(B) and noted that Daniel previously served a prison term and committed these offenses while on post-release control. It also stated that it considered the oral statements, victim impact statement, the record, presentence investigation report as well as the principles and purposes of sentencing and the seriousness and recidivism factors pursuant to R.C. 2929.12.

{¶19} The trial court likewise stated at sentencing after reading the victim impact statement that the injury was more serious in Daniel's case based on the young age of the victim and psychological harm he caused. The trial court concluded that there were no factors reflecting that Daniel's recidivism was less likely.

{¶20} Contrary to Daniel's arguments, while a sentencing court is required to consider the sentencing factors delineated in R.C. 2929.12, it does not have to "'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors * * *.'" *Long*, 2014-Ohio-4416, at ¶79 quoting *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10.

{¶21} Further, the trial court was not required to believe the credibility or sincerity of Daniel's remorse since it is in the best position to determine his genuineness. *State v. Dudley*, 11th Dist. Lake No. 2009-L-019, 2009-Ohio-5064, ¶22, citing *State v. Stewart*, 11th Dist. Lake No. 2008-L-112, 2009-Ohio-921, ¶30.

{¶22}  Given that Daniel was unable to explain or change his pattern of behavior involving minors, his high risk of re-offending, and that he committed these offenses while on post-release control for engaging in sexual conduct with a minor, this court cannot conclude that maximum consecutive sentences were clearly and convincingly contrary to law.  Daniel points to nothing evidencing that the trial court did not consider his apology or his acknowledgement of responsibility upon fashioning his sentence.  Accordingly, the judgment of the Lake County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.