[Cite as *State v. Stewart*, 2018-Ohio-5070.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2018-L-083 |
| MATTHEW D. STEWART, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2007 CR 000868.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Jennifer A. McGee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Matthew D. Stewart, appeals the judgment of the Lake County Court of Common Pleas, classifying him a sexual predator, pursuant to former R.C. Chapter 2950., the classification scheme in effect when appellant was convicted of two counts of gross sexual imposition in 2008. For the reasons discussed in this opinion, we affirm the trial court's judgment.

**{¶2}** In May 2008, appellant pleaded guilty to two counts of gross sexual imposition for digitally penetrating two minor girls. *See State v. Stewart*, 11th Dist. Lake No. 2008-L-112, 2009-Ohio-921, ¶3. He was ultimately sentenced to an aggregate prison term of 10 years. He appealed and this court affirmed in *Stewart*, *supra.*

**{¶3}** On May 31, 2018, the trial court convened for a sexual offender classification hearing, pursuant to former R.C. 2950. Following the hearing, the trial court found appellant to be a sexual predator and this appeal followed. Appellant assigns the following as error:

**{¶4}** "The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."

**{¶5}** Appellant contends the evidence adduced at the sexual-offender hearing did not militate in favor of a sexual predator classification.

**{¶6}** When appellant committed the offenses that led to his classification, there were three categories of sexual offenders: (1) sexually oriented offenders, (2) habitual sex offenders, and (3) sexual predators. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶12. "[A] 'sexual predator' is a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." *Id.* at ¶15.

**{¶7}** In the instant matter, appellant pleaded guilty to two counts of gross sexual imposition, sexually-oriented offenses; hence, the sole issue on appeal is whether the trial court properly determined he was likely to engage in one or more sexually-oriented offenses in the future.

{¶8} "The state must prove that an offender is a sexual predator by clear and convincing evidence. [Former] R.C. 2950.09(B)(4)." *Wilson*, *supra*, at ¶20. Clear and convincing evidence is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. To meet the clear-and-convincing standard requires a higher degree of proof than "a preponderance of the evidence," but less than "evidence beyond a reasonable doubt." *State v. Ingram*, 82 Ohio App.3d 341, 346 (2d Dist.1992).

{¶9} Former R.C. 2950.09(B)(3) set forth ten factors for a court to consider in determining whether a sexual offender is a sexual predator. *Wilson*, *supra*, at ¶19. The factors include:

> {¶10} (1) the offender's age, (2) the offender's criminal record, (3) the age of the victim, (4) whether there were multiple victims, (5) whether the offender used drugs or alcohol to impair the victim, (6) if the offender has previously been convicted of a crime, whether he completed his sentence, and if the prior offense was a sexually oriented offense, whether he completed a sex-offender program, (7) whether the offender has a mental illness or disability, (8) the nature of the offender's sexual contact with the victim and whether it was part of a pattern of abuse, (9) whether the offender displayed cruelty or made threats of cruelty, and (10) any other "behavioral characteristics" that contribute to the offender's actions. *Id.*, at fn. 1, citing R.C. 2950.09(B)(3)(a) through (j).

{¶11} "[A] court has discretion to determine what weight, if any, it will assign to each factor * * *." *Wilson*, *supra*, at ¶19.

{¶12} Appellant contends the trial court's judgment is against the manifest weight of the evidence. The state contends the "civil" standard of appellate review pertaining to "weight" challenges applies under these circumstances. In *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶17, held the manifest-weight standard

set forth in *State v. Thompkins*, 78 Ohio St.3d 380 (1997), which applied to criminal matters, applied equally to civil cases. As such, when considering a manifest-weight challenge in either context, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the fact finder clearly lost its way and created a manifest miscarriage of justice justifying reversal. *Id.* at 387.

{¶13} At the hearing, both the state and counsel for appellant stipulated to the report and findings of Dr. Jeff Rindsberg, a board certified forensic psychologist. In doing so, each party agreed that the hearing was limited to argumentation relating to the various factors and each party's recommendations in light of the arguments.

{¶14} With respect to Dr. Rindsberg's report, appellant was evaluated using several different assessment tools. First, the doctor conducted an Actuarial Risk Assessment on appellant, an empirical assessment tool designed to evaluate the risk of sexual recidivism based on commonly available demographic and criminal history information. On this assessment, appellant scored "low-moderate," i.e., he is in the low end of a moderate range to reoffend. The doctor further noted additional research factors used in evaluating sexual offenders which were predictors of sexual recidivism, the strongest of which were sexual deviancy and antisocial orientation. Of these, appellant exhibited interest in children, paraphilic interests, and a history of rule violations. In relation to these points, Dr. Rindsberg ultimately opined appellant's risk of committing an additional sex offense was at least moderate. The doctor stated that appellant:

{¶15} "has an underlying sexual preference, including for children. He admits having a predilection towards abusing others who either

4

cannot decline his advances or are unaware of them; he admits that he has such fear of perceived inadequacy that he searched for situations in which he cannot be rejected. Substance use was also a problem for him as it lowered his inhibitions. Again, Pedophilic Disorder is applicable."

{¶16} Dr. Rindsberg then proceeded to review and analyze his findings in relation to the statutory sexual predator factors ultimately concluded appellant was at a moderate to high risk for sexually recidivating.

{¶17} At the hearing, the state used the foregoing as a basis for its recommendation to classify appellant as a sexual predator. The state further underscored specific aspects of appellant's record and the circumstances of the underlying conviction, e.g., the young ages of the victims and the fact that he committed the crimes while the children were sleeping. The state also noted appellant's stated preference for child pornography.

{¶18} Defense counsel, in requesting the court to classify appellant a habitual sex offender, urged the court that appellant had matured significantly and cultivated self-control during his 10-year term of imprisonment. And counsel indicated appellant's 10-year term of imprisonment was a sufficient deterrent to avoid committing any sex offense in the future. Counsel also pointed out that appellant has abstained from alcohol and drug use for 10 years and plans to remain sober. Counsel advised the court that appellant had been accepted in a culinary arts program and intends on moving forward with a productive life. Finally, counsel stated that labeling appellant a habitual sexual offender would sufficiently comport with the purposes of sex-offender legislation; namely, notification and protection of the community.

5

{¶19} After considering the evidence, including appellant's 2008 pre-sentence investigation, the psychological evaluation, the prison institution report summary, and recommendations of counsel, the court made the following findings vis-à-vis the statutory factors on record:

{¶20} (A) The offender's age and was 22 at the time of the offenses were committed, 32 today on the eve of his prison release.

{¶21} (B) The offender's prior criminal record. There was a Juvenile Court adjudication for attempted gross sexual imposition, which would have been a felony four had the crime been committed by an adult. It was a sex offense, and the adjudication was made in 2005. There's also a municipal court conviction for possession of marijuana in 2006. Of course, in this case there were two separate convictions for gross sexual imposition, felony offenses in 2008. And there's also now on the record a conviction for weapons under disability, a felony offense, that crime and that conviction occurring while Mr. Stewart was in prison.

{¶22} (C) The age of the victims of the sexually oriented offenses. The ages were seven and eight respectively for the two minor victims.

{¶23} Whether the offenses involved multiple victims, that would be (D), and the answer, of course, is yes, there were two minor female children who were the victims of the offenses in this case.

{¶24} (E) Whether or not drugs or alcohol were used to impair the victims of the offense, or to prevent them resisting. The answer would be no. there was no use of drugs or alcohol to impair the victims. There was use of alcohol by Mr. Stewart, but that's not the factor that's listed as (E).

{¶25} With respect to (F) whether or not previous or prior convictions he had completed his sentence that was imposed. [Sic] With respect to the Juvenile Court adjudication for the attempted gross sexual imposition, the sentence had been completed at the time the crimes were committed in this case. But the record reflects, well, based upon his own history to Dr. Ringsberg [sic], that he failed to complete the substance abuse treatment requirement in that adjudication.

{¶26} Also as part of (F) whether or not there had been participation in available programs for sexual offenders with respect to that prior

6

offense conviction, the Juvenile Court case. Mr. Stewart did not participate in sex offender programs because none were ordered by the court. None were offered by the Court. The record does not indicate he had sought any available programs for sexual offenders on his own or voluntarily.

{¶27} In terms of (G), mental illness or mental disability. As noted in Dr. Ringsberg's [sic] report, a diagnosis of pedophilia, sexually attracted to females, nonexclusive type is listed. Also the notation is there for cannabis use disorder and alcohol use disorder, also found to be full sustained remission at the present time.

{¶28} (H) The nature of the sexual conduct. The record reflects there was digital penetration into the anus of each of the two minor children. And then whether or not this was pattern of abuse. And the answer would be no, it was a single incident that occurred in 2007.

{¶29} With respect to (I) the factor that relates to whether cruelty or threats of cruelty occurred. There was no evidence that Mr. Stewart displayed cruelty, other than the one victim describing the act as being painful or uncomfortable to a certain degree. There was no evidence of a direct threat of cruelty, but again there was an implied threat enhanced by the age of the victims not to tell anyone what had happened. And I did make the finding at the time of sentencing when I went back and looked that there was psychological harm caused to the victims as well by the criminal behavior of the Defendant

{¶30} (J) Other behavioral characteristics that contribute. There are several that would fall under this category. The defendant admitted underlying deviate [sic] sexual preference that includes children. That's noted in Dr. Ringsberg's [sic] report. The Defendant also admitted such behavior on two other victims, one in high school, one in her 20's for which he had not been charged. The Defendant also stated he acted on individuals who had no prior experience or who could not deny advances, thereby satisfying his fear of rejection. And that again is based upon the history taken and put into Dr. Ringsberg's [sic] report from Mr. Stewart himself. Also the report indicate under the other characteristics that the Defendant admitted to watching and masturbating to child pornography. He acknowledged that he committed acts on others while they were unaware as well.

{¶31} Under (K), any other relevant evidence, I think maybe the statute has that category, or at least I've used that in the past, other

7

relevant information or evidence, we'll call it (K). There was testing done by Dr. Ringsbert [sic], the SASSI testing, substance abuse subtle screening inventory, I'm going to go from memory. I don't know if I'm exactly correct. But the report carries in there and sets forth rather clearly that there's a high probability of having a substance abuse disorder. The Static 99 indicates a score of 3, the low end of a moderate risk of sexual offense recidivism. Also the prison report that includes the disciplinary infraction history does indicate ten disciplinary infractions over 2008 to 2016 based upon that report.

{¶32} Also with respect to substance abuse, again I know I touched upon it earlier, but substance abuse had been a problem for him. Now, it's in full sustained remission based upon the report. Of note he had been drinking prior to the commission of the two sex offenses in this case. And there's also reference to the cannabis use and the alcohol use lowering his inhibitions, thereby furthering some of these activities that we've talked about.

{¶33} Also in Dr. Ringsberg's [sic] report his overall diagnosis, based not on upon the testing but also the factors considered, found the Defendant at moderate to high risk for sexual offense recidivism. Again of concern was the fact that Mr. Stewart had engaged in patterns of offending with others, not just the three victims in the cases of which he had been convicted.

{¶34} Despite being in a prison for ten years, falling through the cracks, whatever the reasoning was, he's not had sex therapy. It just hasn't happened for whatever reason. But going back to the original assessment that was done when he was admitted to prison in '08, that was found to be an important need, a requirement, or recommendation of the present prison officials, but he still has not had that sex therapy, training, and programming that he needs to have. And that has all been taken into consideration by me as well.

{¶35} The court subsequently found there was clear and convincing evidence that appellant is a sexual predator, i.e., appellant committed previous sexually-oriented offenses and was likely to engage in one or more sexually-oriented offenses in the future. In light of the evidence considered by the court, we conclude the trial court did not lose its way such that its conclusion was a manifest miscarriage of justice. We

8

therefore hold there was sufficient, credible evidence for the trial court to classify appellant a sexual predator.

{¶36} Appellant's sole assignment of error lacks merit.

{¶37} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.