[Cite as *State v. Golding*, 2021-Ohio-3976.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

LORI S. GOLDING,

        Defendant-Appellant.

CASE NO. 2021-L-065

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 000449

**O P I N I O N**

Decided: November 8, 2021
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (for Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa A. Blake*, Assistant Public Defender, 124 East Erie Street, Painesville, Ohio 44077 (for Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Lori Golding, appeals a sentence of 48 months imprisonment imposed by the Lake County Court of Common Pleas. Finding no reversible error, we affirm.

{¶2} On February 16, 2021, appellant pled guilty to one count of aggravated vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(1), and one count of operating a vehicle under the influence of alcohol ("OVI"), in violation of R.C. 4511.19(A)(1)(a). The facts of appellant's plea involved driving a motor vehicle with a

blood alcohol content of 0.311, failing to yield the right of way resulting in a collision with the victim, Russel Lynn, causing him to suffer multiple broken bones, a lung puncture, and prolonged rehabilitation. Three remaining counts were dismissed pursuant to appellant's plea and sentencing.

{¶3} Appellant's sole assignment of error states:

{¶4} "THE TRIAL COURT ERRED BY SENTENCING THE DEFENDANT-APPELLANT TO A PRISON TERM OF FORTY-EIGHT MONTHS, AS THE TRIAL COURT'S FINDINGS WITH RESPECT TO R.C. 2929.12 WERE UNSUPPORTED BY THE RECORD AND THUS, CONTRARY TO LAW."

{¶5} Appellant cites R.C. 2953.08(G) as our standard of review for felony sentencing matters. However, that statute only applies to challenges to sentences issued under R.C. 2929.13(B) or (3), R.C. 2929.14(B)(2)(e) or (C)(4), and R.C. 2929.20(I), and appellant does not challenge her sentence in reference to any of these statutes. *See State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, ¶ 7. Here, appellant claims that the trial court issued a sentence contrary to law under R.C. 2929.12. As such, the standard provided under R.C. 2952.08(G) is inapplicable to this matter. *Id.*

{¶6} In reviewing sentencing challenges relating to R.C. 2929.11 and R.C. 2929.12, this court previously followed the Supreme Court of Ohio's language in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002 which stated:

> [I]t is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

2

Case No. 2021-L-065

*Marcum,* at ¶ 23.

{¶7}    However, the Ohio Supreme Court concluded that the above language was dicta. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.2d 649, ¶ 27. In *Jones*, the court held that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. "[A]n appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. "Therefore, under *Jones*, an appellate court errs if it relies on the dicta in *Marcum* and modifies or vacates a sentence 'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12.'" *Shannon, supra*, at ¶ 10, quoting *Jones* at ¶ 29.

{¶8}    Thus, under *Jones*, an appellate court reviewing alleged error under R.C. 2929.11 and R.C. 2929.12 no longer evaluates whether those sentences are unsupported by the record. Instead, the court "must simply analyze whether those sentences are contrary to law." *Id.* at ¶ 11. *Jones* offered that "legal dictionaries define 'contrary to law' as 'in violation of statute or legal regulations at a given time,' *e.g. Black's Law Dictionary* 328 (6th Ed. 1990)." *Id.* at ¶ 34. However, Jones held that the phrase "contrary to law" is not "equivalent" to an "appellate court's conclusions that the record does not support a sentence under R.C. 2929.11 or 2929.12." *Id.*

3

{¶9} In this case, appellant argues that the court "discounted substantial grounds to mitigate her conduct pursuant to R.C. 2929.12(C)(4)" and that the court made findings "inconsistent with the facts of her case" with respect to R.C. 2929.12(D) and (E). In sum, appellant's arguments are that the trial court should have weighed the R.C. 2929.12 sentencing factors differently. However, this court cannot find reversable error on the basis that the court discounted or improperly weighed mitigating factors in sentencing appellant. To do so would be the "equivalent" of concluding "that the record does not support a sentence under R.C. 2929.11 or 2929.12." *Id.*

{¶10} At the sentencing hearing, the court stated the following:

> The Court has considered the record, the oral statements made, drug and alcohol and psychological evaluations and my conference in chambers with counsel and probation, and the statements of the Defendant and the Defendant's counsel. I've also considered the overriding purposes of felony sentencing pursuant to Revised Code 2929.11 which are to protect the public from future crime by this offender and others similarly minded, and to punish this offender and promote … effective rehabilitation of the offender using the minimum sanctions that the Court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. I've considered the separate recommendations of the parties. I have reasonably calculated this sentence to achieve the two overriding purposes of felony sentencing and to be commensurate with and not demeaning to the seriousness of this offender's conduct and its impact on society and the victims, and to be consistent with sentences imposed for similar crimes committed by similar offenders. In using my discretion to determine the most effective way to comply with the purposes and principles of sentencing, I have considered all relevant factors including the seriousness and the recidivism factors set forth in Divisions B through E of revised Code 2929.12.

{¶11} The court then discussed the facts of the case and applied them to the factors in R.C. 2929.12(B) through (E). First, the court said that "there are factors that

4

make the offense more serious. The victim suffered an extreme amount of physical harm. He and his family also suffered an extreme amount of psychological and economic harm." *See* R.C. 2929.12(B)(1) and (2). In addition, the court remarked "[t]here are no factors making the offenses less serious. Actually, one other makes it more serious. The age of the victim exacerbated the amount of suffering and harm." *See* R.C. 2929.12(C).

{¶12} The court said that "the Defendant has a previous criminal history. This is the fourth OVI in her lifetime. She does have lesser misdemeanors other than OVI's. Disorderly conduct, several counts of those. Criminal damaging, resisting arrest. * * * but it looks like you've been drinking and/or using abusing substances certainly for the last thirteen years in a big way." *See* R.C. 2929.12(D)(2) and (E)(2) through (4).

{¶13} The court discussed rehabilitation by saying that Appellant has had "rehabilitation failures after previous convictions. A failure to respond in the past to probation, community control. There is a pattern of drug and alcohol abuse, and the offender refused to acknowledge a problem, accept treatment, obtain treatment, or certainly a refusal to control herself." *See* R.C. 2929.11(A) and (B) and R.C. 2929.12(D)(3) and (4). Finally, the court said that "[a]lthough I can make a finding that the Defendant committed the worst form of this offense, I am tempering it with her remorse." *See* R.C. 2929.12(E)(5).

{¶14} This court has held "that even though a trial court is required to consider the R.C. 2929.11 and R.C. 2929.12 factors, it is not required to make specific findings on the record to comport with its statutory obligations." *Shannon, supra*, at ¶ 17, citing *State v. Parke*, 11th Dist. Ashtabula No. 2011-A-0062, 2012-Ohio-2003, ¶ 24. Appellant does not argue that the trial court failed to consider the R.C. 2929.12 factors. Instead, appellant

5

argues that the trial court improperly discounted substantial grounds to mitigate her conduct (R.C. 2929.12(C)) and made findings inconsistent with the facts (R.C. 2929.12 (D and (E)).

{¶15} First, the sentence in this case at 48 months was within the statutory range. Second, not only did the trial court *consider* the R.C. 2929.12(C) factors, but the trial court also made *specific findings* as to R.C. 2929.12(C) noting that "[t]here are no factors making the offenses less serious * * *." Finally, the trial court considered and discussed on the record the sentencing factors in R.C. 2929.12(B) through (E) and did not make any incorrect finding. Appellant had indeed repeatedly demonstrated rehabilitation failures by, among other things, violating her bond conditions by twice testing positive for alcohol and testing positive for cocaine at her pre-sentencing appointment. Appellant also admitted at sentencing that she had not been alcohol free since the night of the aggravated vehicular assault. As "the trial court 'possesses broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines,'" we find no reversable error. *State v. Price*, 11th Dist. Geauga No. 2007-G-2785, 2008-Ohio-1134, ¶ 31, quoting *State v. Smith*, 11th Dist. Portage No. 98-P-0018, 1999 WL 417852, *8; *see* R.C. 2929.12(A)

{¶16} Accordingly, appellant's sole assignment of error is without merit.

{¶17} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

6

Case No. 2021-L-065