[Cite as *State v. Montalbine*, 2022-Ohio-2103.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-L-114** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| JEFFREY J. MONTALBINE, | |
| Defendant-Appellant. | Trial Court No. 2019 CR 000699 |

**O P I N I O N**

Decided: June 21, 2022
Judgment: Appeal dismissed as moot

*Charles E. Coulson,* Lake County Prosecutor, and *Jennifer A. McGee, Teri R. Daniel* and *Adam M. Downing,* Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Cory R. Hinton,* Hanahan & Hinton, LLC, 8570 Mentor Avenue, Mentor, OH 44060 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Jeffrey J. Montalbine, appeals the October 26, 2021 judgment of the Lake County Court of Common Pleas sentencing him to a total prison term of 11 months. As discussed further below, the appeal is dismissed as moot.

{¶2} In June 2019, Willoughby Police responded to a report of domestic violence at Mr. Montalbine's residence. His wife, Kimberly Montalbine, reported that her husband had punched her in the face. She required medical care for severe bruising which caused

her eye to swell shut.  Mr. Montalbine was arrested and charged with domestic violence and felonious assault.

{¶3}    Over the next two days, Mrs. Montalbine twice called the police stating she had discovered possible drugs and drug paraphernalia.  Officers responded and seized suspected drugs and two firearms.  The suspected drugs were confirmed to be controlled substances.  Pursuant to a temporary protection order subsequently issued against Mr. Montalbine, all of his firearms were to be turned over to the police.  When the officers returned to the residence to collect the firearms, they found multiple firearms in the gun safe as well as suspected drugs in plain view, which were also seized and confirmed to be controlled substances.

{¶4}    Mr. Montalbine was indicted on six counts: Count One, Aggravated Assault, a felony of the fourth degree, in violation of R.C. 2903.12(A)(1); Count Two, Domestic Violence, a misdemeanor of the first degree, in violation of R.C. 2919.25(A); Counts Three and Four, Possession of Drugs, felonies of the third and fourth degree, in violation of R.C. 2925.11, with related forfeitures; Count Five, Possession of Cocaine, a felony of the fifth degree, in violation of R.C. 2925.11, with related forfeiture; and Count Six, Aggravated Possession of Drugs, a felony of the fifth degree, in violation of R.C. 2925.11, with related forfeiture.  The state moved to dismiss Count Three, and Count Four was renumbered as County Three, Count Five was renumbered as Count Four, and Count Six was renumbered as Count Five.  Mr. Montalbine pleaded not guilty to all counts.

{¶5}    When Mr. Montalbine failed to appear for trial as scheduled, his bond was revoked and a warrant was issued for his arrest.  Once police located Mr. Montalbine, he fled and eluded police officers in a high-speed chase in Summit County, resulting in

2

Case No. 2021-L-114

charges being filed in Summit County. Mr. Montalbine was ultimately arrested in May 2021 in Michigan and extradited back to Ohio where the case proceeded to trial.

{¶6} Ultimately, the jury found Mr. Montalbine not guilty on Counts One and Three and guilty on Counts Two, Four, and Five, as renumbered. The court sentenced Mr. Montalbine to serve 180 days in Lake County Jail on Count Two, and two 11-month periods of imprisonment on each of Counts Four and Five to be served concurrently. He was credited with 168 days for time already served, which was subsequently modified to 182 days credit. Mr. Montalbine sought a stay of the execution of the sentence pending appeal in both the trial court and this court, both of which were denied.

{¶7} Mr. Montalbine now appeals, assigning one error for our review, which states:

> {¶8} The trial court erred on October 21, 2021 (as journalized on October 26, 2021) because its sentence was contrary to law and an abuse of discretion as a result of the purposes and principles set forth in ORC 2929.11 being violated.

{¶9} Following the sentencing hearing, the record indicates that Mr. Montalbine was conveyed to the Lorain Correctional Institution. When the 182 days credit for time served is taken into account, Mr. Montalbine's eleven-month sentence has been entirely satisfied as of March 23, 2022, prior to the hearing on the instant appeal. In light of this, the state has filed a motion to dismiss. Mr. Montalbine opposed the motion, stating that he did not serve his sentence voluntarily and that he will suffer a civil disability and loss of civil rights due to his "conviction and/or sentence."

{¶10} This court has noted that "a criminal appeal is only moot if the defendant voluntarily serves a period of incarceration or pays a fine. An appeal is not rendered moot if the defendant unsuccessfully seeks a stay of execution of the sentence. In such a

3

situation, the completion of the sentence would be involuntary, and the defendant would retain his or her right to appeal the underlying conviction and sentence." *State v. Smith,* 11th Dist. Lake No. 2000-L-195, 2002 WL 445034, *2 (March 22, 2002), citing *State v. Harris*, 109 Ohio App.3d 873, 875 (1st Dist.1996).

**{¶11}** As Mr. Montalbine sought, unsuccessfully, two stays of execution, we agree his sentence was not voluntarily served and he has preserved his right to appeal the underlying conviction and sentence. Critically, however, appellant has only appealed his sentence, not the underlying conviction.

**{¶12}** In opposing the motion to dismiss, appellant cites *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, ¶11 (Citations omitted) ("'"'[u]nless one convicted of a misdemeanor seeks to stay the sentence imposed pending appeal or otherwise involuntarily serves or satisfies it, the case will be dismissed as moot unless the defendant can demonstrate a particular civil disability or loss of civil rights specific to him arising from the conviction.'"'") In *Lewis*, however, the defendant's *underlying conviction* was at issue and ultimately reversed. *Id.* at ¶12.

**{¶13}** Likewise, in *State v. Blivens*, 11th Dist. Lake No. 98-L-189, 1999 WL 960955 (Sept. 30, 1999), this court noted that while appellant "retained a substantial stake in the judgment of conviction pursuant to *Golston* which survived the satisfaction of the judgment imposed upon her," because she only challenged the imposition of the maximum sentence, once that sentence was completed, the appeal became moot as the relief being sought, a remand for resentencing, could no longer be granted. *Id.* at *2-3.

**{¶14}** Thus, even assuming Mr. Montalbine will suffer civil disability or loss of civil rights, those arise from his conviction, which he has not challenged on appeal. "'If an

4

individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction.'" *See Smith, supra,* quoting *State v. Beamon*, 11th Dist. Lake No. 2000-L-160, 2001 WL 1602656, *1 (Dec. 14, 2001). "No relief can be granted by this court subsequent to the completion of the sentence if the underlying conviction itself is not at issue." *Id.*

{¶15} Because Mr. Montalbine has already served his sentence, albeit involuntarily, but has not appealed his underlying conviction, this court cannot grant him relief. Accordingly, the appeal is dismissed as moot.

{¶16} Moreover, even if we were to review Mr. Montalbine's appeal on the merits he would not prevail. The appellate standard in reviewing felony sentencing appeals has been recently clarified in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729. "[U]nder *Jones*, an appellate court reviewing alleged error under R.C. 2929.11 and R.C. 2929.12 no longer evaluates whether those sentences are unsupported by the record. Instead, the court 'must simply analyze whether those sentences are contrary to law.'" *State v. Golding*, 11th Dist. Lake No. 2021-L-065, 2021-Ohio-3976, ¶8, quoting *Jones, supra,* at ¶11. The Supreme Court held that the phrase "contrary to law" is not "equivalent" to an "appellate court's conclusions that the record does not support a sentence under R.C. 2929.11 or 2929.12." *Id.* at ¶34. Accordingly, an appellate court may not independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with statutes setting forth overriding purposes of felony sentencing and factors to consider in sentencing an offender for a felony. *Id.* at ¶26-29. Stated differently, an appellate court "cannot find

5

reversable error on the basis that the court discounted or improperly weighed mitigating factors in sentencing appellant." *Golding, supra*, at ¶9.

{¶17} Mr. Montalbine's appeal does not argue that the trial court failed to consider the R.C. 2929.11 and R.C. 2929.12 sentencing factors but argues, essentially, the facts did not support the trial court's findings as related to the sentencing factors. Specifically, Mr. Montalbine argues the trial court erred by finding there were no factors that made the crimes less serious because, he notes, the drugs found in relation to Count Five, Possession of Cocaine, was only cocaine residue. He also faults the court for finding that he did not show genuine remorse and for finding that recidivism was more likely because he fled from police when they attempted to arrest him for failing to appear for trial, despite the fact that he had not been convicted on the related charges brought in Summit County. Finally, he argues the trial court erred in finding that the presumption for community control was rebutted and in sentencing him to almost the maximum sentence on the felony counts.

{¶18} We note that while here the lower court did make specific findings supporting its conclusions related to R.C. 2929.11 and R.C. 2929.12, trial courts are not required to make such findings on the record. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶42; *State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, ¶17. "'A [trial] court is merely required to "consider" the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12.'" *State v. Brown,* 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶34, quoting *State v. Lloyd*, 11th Dist. Lake No. 2006-L-185, 2007-Ohio-3013, ¶44. "A trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely

6

required to consider the statutory factors in exercising its discretion." *State v. Delmanzo,* 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

**{¶19}** In sentencing Mr. Montalbine, the trial court expressly stated that it considered the statutory factors enumerated in R.C. 2929.11 and R.C. 2929.12, as well as the drug and alcohol evaluation, the victim impact statement, and the presentence investigation report. Specifically, in finding that no factors made the offense less serious, the trial court stated it had considered the statements of Mr. Montalbine's counsel, who argued that the quantity of drugs found was minimal and were not opiates.

**{¶20}** The trial court also found that Mr. Montalbine lacked genuine remorse, specifically noting inconsistencies between his statements during his evaluation and his conduct, and that he was not forthcoming about his drug use. The court also noted that Mr. Montalbine continued to blame the victim and accused her of setting him up. This court will defer to the trial court as to whether remorse was genuine, as the trial court is better suited to make that determination. *State v. Brown,* 11th Dist. Lake No. 2008-L-152, 2009-Ohio-2189, ¶32.

**{¶21}** Additionally, the trial court found that recidivism was more likely because while he demonstrated a pattern of drug-related issues, he denied having a drug problem. It also noted that recidivism was less likely due to the fact that Mr. Montalbine had no history of juvenile adjudications, no prior convictions at the time the underlying offense was committed, and that he had led a law-abiding life for several years.

**{¶22}** Finally, Mr. Montalbine faults the trial court for considering that he failed to appear for trial and led police on a high-speed chase, despite the fact that he had not been convicted of related charges. However, the trial court expressly noted that Mr.

7

Montalbine had not been convicted on those charges and that it was "not considering them as convictions." Moreover, "a trial court is permitted to consider not only prior criminal history, but also pending crimes for which that defendant has been arrested." *State v. Forsell*, 11th Dist. Portage Nos. 2019-P-0116 through 2019-P-0124, 2020-Ohio-5381, ¶24, quoting *State v. Burton,* 52 Ohio St.2d 21, 23 (1977), superseded on other grounds.

{¶23} Because the sentence imposed in this case is within the statutory range and the trial court considered the factors enumerated in R.C. 2929.11 and R.C. 2929.12, even if we were to review appellant's arguments on the merits, we find no reversible error.

{¶24} In light of the foregoing, the state's motion to dismiss is granted, and the appeal is dismissed as moot.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.