[Cite as *State v. Shannon*, 2021-Ohio-789.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | CASE NO. 2020-T-0020 |
| - vs - | : | |
| ERIC JERMAINE SHANNON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2019 CR 00966.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Ashleigh Musick* and *Ryan J. Sanders,* Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Stephen A. Turner,* Turner, May & Shepherd, 185 High Street, N.E., Warren, OH 44481 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Eric Jermaine Shannon, appeals from the judgment of the Trumbull County Court of Common Pleas, convicting him, after trial by jury, on two counts of public indecency, felonies of the fifth degree. We affirm appellant's convictions.

{¶2} On October 26, 2019, an African-American male entered the North Road Coin Laundry, in Trumbull County, Ohio, with no laundry. Barbara Hudson was

working, and the man explained his mother was en route with his clothes. The man asked Ms. Hudson for a cigarette, which she gave him, and they smoked together. Eventually, Ms. Hudson asked the man to leave because he was merely loitering. He requested to use the restroom before leaving. Upon exiting the bathroom, Ms. Hudson observed the man masturbating. His actions were caught on surveillance video. Ms. Hudson called the Warren City Police and Officer Joseph Wilson responded. Ms. Hudson provided the officer with a statement and a physical description. Based upon the events and the description, the officer had a hunch the male involved was appellant; according to the officer, he was involved with other incidents where appellant was found masturbating in public. Also, later, Ms. Hudson was able to identify the man, appellant, in a six-person photo array. She stated she was 100 percent certain appellant was the individual who was masturbating in the laundromat.

{¶3} Detective Nicholas Carney of the Warren City Police was assigned to investigate the incident. The detective obtained surveillance footage depicting an African-American male masturbating with his left hand while sitting in a chair as well as walking around the laundromat. The detective was ultimately contacted by Lieutenant Nicholas Timko from the Trumbull County Sheriff's office. The lieutenant stated he was investigating a similar incident, potentially involving the same suspect. Lt. Timko was informed by a county employee, Kim Taylor, of an incident which occurred while on a walk during her lunch break. On October 24, 2019, around 1:00 p.m., Ms. Taylor was walking outside the Administrative Building in Warren, Ohio. At the corner of Harmon and Monroe streets, she described a set of dumpsters in the parking lot behind the Administrative building. As she passed, she was startled by an African-American male

2

exposing himself with his hand on his penis. Ms. Taylor was sure the man was not urinating, but rather fondling himself.

{¶4} Based upon the information from both the Warren City Police and Trumbull County Sheriff's Office, appellant was arrested. Appellant was ultimately indicted on two counts of public indecency, each in violation of R.C. 2907.09(A)(1) and (C)(2), felonies of the fifth degree. Appellant pleaded not guilty and a jury trial commenced. After deliberating, the jury convicted appellant on both charges. Appellant was sentenced to a term of incarceration of 12 months on both counts and the trial court ordered the terms to be served consecutively. He now appeals and assigns three errors for our review. His first provides:

{¶5} "The imposed prison sentence was disproportionate and excessive for the purposes set forth in Revised Code Sec. 2929.11(A) and not necessary to protect the public."

{¶6} Although appellant challenges the trial court's imposition of an aggregate term of 24 months, he does not claim the trial court failed to comport with R.C. 2929.14(C)(4), the statute governing a court's imposition of consecutive, felony sentences. Appellant asserts the trial court erred in sentencing him to an aggregate term of 24 months because its order was premised purely upon his prior convictions for public indecency. In particular, appellant contends that because R.C. 2907.09 includes a "built-in progression of increasing penalties based upon prior convictions" that it was error for the trial court to solely base his sentence upon this singular factor.

{¶7} Initially, appellant cites R.C. 2953.08(G) as our standard of review relating to felony sentencing. While that statute applies to sentences issued under specific statutes (R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I)),

3

appellant does not challenge his sentence vis-à-vis on any of these grounds. Instead, he claims the duration of the individual sentences, run consecutively, runs afoul of principles and purposes of Ohio's felony sentencing statutes as defined under R.C. 2929.11. As such, the standard under R.C. 2953.08(G) is inapplicable to this matter.

{¶8} Previously, when reviewing sentencing challenges relating to the factors set forth under R.C. 2929.11 and R.C. 2929.12, this court followed the Supreme Court of Ohio's language in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, stating that:

> {¶9} [I]t is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. *Marcum, supra,* at ¶23.

{¶10} Recently, however, in *State v. Jones*, Ohio Slip Opinion No. 2020-Ohio-6729, the Ohio Supreme Court concluded that the foregoing language in *Marcum* was dicta. *Id.* at ¶27. In *Jones,* the court held that "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶39. In so holding, the Supreme Court explained that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Jones, supra,* at ¶32. Therefore, under *Jones*, an appellate court errs if it relies on the dicta in *Marcum* and modifies or vacates a sentence "based

4

on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12." *Id.* at ¶29.

{¶11} Accordingly, under *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer evaluate whether those sentences are unsupported by the record. Instead, we must simply analyze whether those sentences are contrary to law. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶74; *see also State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18.

{¶12} Appellant's argument essentially asserts that the record does not support the harshness of his sentence. As just pointed out, however, we cannot assess whether, under R.C. 2929.11, his sentence was unsupported by the record. We must simply look to whether it was within the statutory range (it was), and whether the trial court considered the purposes and principles of felony sentencing (it did).

{¶13} At the sentencing hearing, the trial court stated it had reviewed appellant's record, both adult and juvenile. It noted his first offense was aggravated robbery, an offense of violence, with a firearm for which he served four years in prison. Appellant then violated his parole. The court then pointed out appellant had a public indecency conviction in 2016; four public indecency convictions in 2017; an assault conviction in 2017; a criminal trespass in 2017; a public indecency in 2018; a criminal trespass in 2018; and a petty theft in 2019. The court went on to state:

5

{¶14} [W]hat troubles me is your inability to control yourself. We know that you're capable of violence because you were sent to prison on an offense of violence, the aggravated robbery. We know about the prior convictions that were even part of your indictment. I also saw the witnesses on the witness stand, the two victims, and the one in particular was shaking in her shoes.

{¶15} You are incapable of staying out of trouble. Absolutely incapable. The only time you're not doing this in public is when you're not in public. And the only time you're not in public is when you're incarcerated.

{¶16} The court went on to sentence appellant to a term of 12 months on each count and, after addressing the R.C. 2929.14(C)(4) factors, ran the two terms consecutive to one another.

{¶17} This court has often noted that even though a trial court is required to consider the R.C. 2929.11 and R.C. 2929.12 factors, it is not required to make specific findings on the record to comport with its statutory obligations. *See State v. Parke*, 11th Dist. Ashtabula No. 2011-A-0062, 2012-Ohio-2003, ¶24; *State v. Blake,* 11th Dist. Lake No. 2003-L-196, 2005-Ohio-686, ¶16. Here, at the sentencing hearing, the trial court alluded to appellant's record and his inveterate pattern of criminal conduct. The court placed particular emphasis on appellant's inability to refrain from engaging in the crime of public indecency, commenting: "And I, like the prosecutor, feel the same way. When you're out, it's out." These observations demonstrate that the court was guided by the overriding purposes of felony sentencing in crafting its sentence; namely, protecting the public from future crime by the appellant and punishing him using the minimum sanction that will accomplish these purposes. And, in its judgment entry, the court stated it "has considered the record, oral statements, pre-sentence investigation report and any victim impact statement, as well as the principles and purposes of sentencing under O.R.C.

6

Section 2929.11, and has balanced the seriousness and recidivism factors of O.R.C. Section 2929.12." We therefore hold the trial court's sentence was not contrary to law.

{¶18} Appellant's first assignment of error lacks merit.

{¶19} Appellant's second and third assignments of error shall be addressed together. They provide:

{¶20} "[2.] the state failed to produce evidence that was legally sufficient to sustain the verdict as to count one that appellant committed public indecency.

{¶21} "[3.] The state failed to produce evidence that was legally sufficient to sustain the verdict as to count two that appellant committed public indecency.

{¶22} A "sufficiency" argument raises a question of law as to whether the prosecution offered some evidence concerning each element of the charged offense. *State v. Windle,* 11th Dist. Lake No. 2010-L-0033, 2011-Ohio-4171, ¶25. "[T]he proper inquiry is, after viewing the evidence most favorably to the prosecution, whether the jury could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Troisi,* 179 Ohio App.3d 326, 2008-Ohio-6062, ¶9 (11th Dist.). "Sufficiency of the evidence tests the burden of production." *State v. Rice,* 11th Dist. Lake Nos. 2018-L-065 and 2018-L-066, 2019-Ohio-1415, ¶65.

{¶23} In contrast, a court reviewing the manifest weight observes the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Schlee,* 11th Dist. Lake No. 93-L-082, 1994 WL 738452, *4-5 (Dec. 23, 1994). A challenge to the weight of the evidence

7

requires a court to consider whether the state met its burden of persuasion. *State v. McFeely*, 11th Dist. Ashtabula No. 2008-A-0067, 2009-Ohio-1436, ¶78.

{¶24} Appellant was convicted of two counts of public indecency, in violation of R.C. 2907.09(A)(1) and (C)(1), which provide:

{¶25} (A) No person shall recklessly do any of the following, under circumstances in which the person's conduct is likely to be viewed by and affront others who are in the person's physical proximity and who are not members of the person's household:

{¶26} (1) Expose the person's private parts;

{¶27} * * *

{¶28} (C)(2) * * * If the offender previously has been convicted of or pleaded guilty to three or more violations of this section, a violation of division (A)(1) of this section is a misdemeanor of the first degree or, if any person who was likely to view and be affronted by the offender's conduct was a minor, a felony of the fifth degree.

{¶29} Under assigned errors two and three, appellant asserts the evidence presented at trial was insufficient to support the reasonable inference that a minor would have likely seen and been affronted by his conduct. Appellant places great emphasis on the term "likely," asserting the word denotes a "high probability of occurring." Although appellant limits his challenge, we shall address each element of the crimes in interest of a comprehensive analysis.

{¶30} Here, appellant admitted he was the individual between the dumpsters (count one); he testified, however, he was simply urinating and, given his positioning, was not likely to be viewed by any passers-by, let alone children. Ms. Taylor testified, however, that as she walked by appellant's location, he was exposing himself and

8

fondling his penis. She additionally testified it did not appear he was urinating given the direction he was facing (the sidewalk where anyone could see) and she did not detect urine coming from or near appellant. She further testified that, across the street is a school or a preschool, a women's shelter, and a Planned Parenthood. Ms. Taylor added that, during her walks, she has occasion to see children near the area the incident took place and she also sees school buses in the vicinity.

{¶31} Regarding count two, the laundromat incident, Ms. Hudson testified that she spoke with appellant, smoked a cigarette with him, observed him for approximately 45 minutes, and permitted him to use the restroom. She then testified she witnessed him masturbating in the facility. She selected him out of a photo line-up and stated she was 100 percent certain he was the individual she observed masturbating. She additionally echoed her certainty when identifying appellant in court. Finally, she testified children are in the laundromat on a daily basis; due to the relative prevalence of children, the facility has a location where children can play while parents do laundry.

{¶32} With the foregoing in mind, the state adduced sufficient evidence that appellant, at the very least, recklessly exposed his private parts such that it was likely to be viewed by others in his physical proximity. With regard to the *likelihood* of a minor viewing the same, we conclude the state also satisfied its burden of production.

{¶33} In *State v. Benner*, 40 Ohio St.3d 301, 313 (1988) (abrogated on other grounds by *Horton v. California*, 496 U.S. 128 (1990)) the Supreme Court equated the term "likely" with the term "probable" and stated:

{¶34} According to the Oxford English Dictionary, 'probable' means '[h]aving an appearance of truth; that may in view of present evidence be reasonably expected to happen, or to prove true; likely.' VIII Oxford English Dictionary (1933) 1401, definition 3. 'Likely' is defined as follows: 'Having an appearance of truth or fact;

9

that looks as if it would * * * prove to be what is alleged or suggested; probable.' VI Oxford English Dictionary (1933) 288, definition 2.

{¶35} According to Black's Law Dictionary, "likelihood" means "[p]robability" and "imports something less than reasonably certain." Black's Law Dictionary (5 Ed.1979) 834, citing *Clark v. Welch* (C.A.1, 1944), 140 F.2d 271, 273. "Likely" means "[p]robable" or "[i]n all probability." *Id.,* citing *Horning v. Gerlach* (1934), 139 Cal.App. 470, 34 P.2d 504, 505. See, also, Webster's Third New International Dictionary (1971) 1310 and 1806.

{¶36} Moreover*,* "a person is likely to be present when a consideration of all the circumstances would seem to justify a logical expectation that a person could be present." *State v. Green*, 18 Ohio App.3d 69, 72 (10th Dist.1984).

{¶37} In light of the foregoing, we hold the state produced sufficient evidence of a probability or a logical expectation that a minor could be present when appellant exposed his private parts betwixt dumpsters in the city of Warren near a school and in a laundromat frequented by adults with children. Thus, there was sufficient evidence introduced at trial to meet the state's burden on this element of the crime of public indecency, elevating the same to a felony of the fifth degree.

{¶38} Appellant's second and third assignments of error lack merit.

{¶39} Appellant's fourth assignment of error contends:

{¶40} "[4.] The jury's verdict of guilt as to count one of public indecency was against the manifest weight of the evidence."

{¶41} Under his fourth assignment of error, appellant argues his conviction on count one (the dumpster incident) was against the manifest weight of the evidence because the jury lost its way in concluding he was not, as he testified, simply urinating. He points out that a comment to the statute from the Legislative Service Commission

10

creates an ostensible exception to the crime where one is merely "[a]nswering an urgent call of nature alfresco."

{¶42} While appellant insists he was merely "answering an urgent call of nature," Ms. Taylor testified she witnessed appellant exposing himself to her and fondling his penis. When asked whether appellant was relieving himself, she firmly responded he was not. Ms. Taylor pointed out she observed no urine issuing from appellant's private part and, because he was facing the sidewalk, she opined appellant's claim was unlikely, i.e, if one is urinating in public, one, in her view, would not face the direction where on-lookers could observe the action.

{¶43} The jury, as the trier of fact, is entitled to believe all, part, or none of a witness's testimony. *State v. Williams*, 11th Dist. Lake No. 2012-L-078, 2013-Ohio-2040, ¶21 (citation omitted). "The trier of fact is in the best position to evaluate inconsistencies in testimony by observing the witness's manner and demeanor on the witness stand - attributes impossible to glean through a printed record." *Id.*

{¶44} In light of the evidence, we decline to conclude the jury lost its way in convicting appellant on count one. We therefore hold that conviction is consistent with the weight of the evidence.

{¶45} Appellant's final assignment of error is without merit.

{¶46} For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas is affirmed.


MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.

11