**[Cite as *State v. Gaspare*, 2024-Ohio-2508.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2024-G-0004** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| GEORGE J. GASPARE, | |
| Defendant-Appellant. | Trial Court No. 2022 C 000253 |

**O P I N I O N**

Decided: June 28, 2024
Judgment: Affirmed

*James R. Flaiz*, Geauga County Prosecutor, and *Christian A. Bondra*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Jerri Mitchell*, P.O. Box 1126, Fairport Harbor, OH 44077 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Appellant, George J. Gaspare ("Gaspare"), appeals the decision from the Geauga County Court of Common Pleas, sentencing him to 36 months of incarceration, and a $1,000 fine for Failure to Stop After an Accident, 36 months of incarceration and a $1,000 fine for Tampering with Evidence, and 180 days of incarceration, a $1,000 fine, and a Class 4 driver's license suspension for a period of five years for Vehicular Homicide. For the foregoing reasons, we affirm the trial court's decision.

{¶2} On December 22, 2022, an indictment was filed charging Gaspare with: (Count One) Failure to Stop After an Accident, a second degree felony, (Count Two)

Failure to Stop After an Accident, a third degree felony, (Counts Three, Four, and Five) Tampering With Evidence, each third degree felonies, (Count Six) Aggravated Vehicular Homicide, a third degree felony, and (Count Seven) Vehicular Homicide, a misdemeanor of the first degree. A presentence investigation ("PSI") was ordered at that time.

{¶3} Gaspare pleaded guilty on October 16, 2023, to Count Two, Failure to Stop After an Accident, a felony of the third degree, Count Three, Tampering with Evidence, a felony of the third degree, and Count Seven, Vehicular Homicide, a misdemeanor of the first degree. The remaining counts were dismissed.

{¶4} Gaspare's charges arose from an accident occurring on November 12, 2022, resulting in the death of Tyler Davis ("victim"). Gaspare was driving when he collided with the rear of the victim's vehicle causing it to roll over. Gaspare fled the scene and took steps to conceal physical evidence of the accident. According to the transcripts filed with this appeal, Gaspare cut out the deployed air bag from the vehicle, and attempted to hide the vehicle.

{¶5} The PSI indicates since 1988, Gaspare has had multiple OVI convictions, multiple reckless operation, failure to control, and host of other traffic violations.

{¶6} In the instant matter, Gaspare was convicted on Counts Two, Three, and Seven, and the remaining counts were dismissed. Gaspare was sentenced in total to pay $3,000 in fines, court costs, and to serve two 36-month terms consecutively in prison on his felony convictions, for a total of six years. Gaspare was also sentenced to 180 days of incarceration on his misdemeanor convictions, to run concurrently with the sentence imposed on his felony convictions. In addition to his fines, the trial court imposed a five-year Class 4 license suspension. Gaspare now timely appeals.

2

{¶7} Gaspare's sole assignment of error asserts: "The trial court committed reversible and plain error when it sentenced [d]efendant-[a]ppellant to consecutive, maximum terms without strictly complying with the Ohio Revised Code."

{¶8} Gaspare contends that the trial court imposed sentences without "making the proper findings as required by R.C. 2929.12," and that the trial court did not make the "proper findings as required by R.C. 2929.14(C)."

## Requirements Under R.C. 2929.11 and R.C. 2929.12

{¶9} "R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it 'may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law'" *State v. Lamb*, 2023-Ohio-2834, ¶ 9 (11th Dist.), citing *State v. Meeks*, 2023-Ohio-988, ¶ 11 (11th Dist.). See *State v. Gwynne*, 2023-Ohio-3851, ¶ 15.

{¶10} "'[A] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" *Lamb*, at ¶ 10, quoting *State v. Shannon*, 2021-Ohio-789, ¶ 11 (11th Dist.).

{¶11} However, "this court has frequently noted that 'even though a trial court is required to consider the R.C. 2929.11 and R.C. 2929.12 factors, it is not required to make specific findings on the record to comport with its statutory obligations.'" *Lamb* at ¶ 10, quoting *Shannon* at ¶ 17.

3

Case No. 2024-G-0004

{¶12} "[A] trial court 'fulfills its duty under the statutes by indicating that it has considered the relevant sentencing factors.'" *State v. Clinton*, 2017-Ohio-9423, ¶ 243, citing *State v. Smith*, 2014-Ohio-1520, ¶ 14, (8th Dist.).

{¶13} Even where the record is silent as to R.C.2929.11 and R.C. 2929.12, there is a presumption that the court considered the required factors, "consideration of the appropriate factors set fort in R.C. 2929.11 can be presumed unless the defendant affirmatively shows to the contrary." *State v. Jones*, 2014-Ohio-29, ¶ 13.

{¶14} In the instant case, Gaspare asserts that the trial court did not indicate that it considered eight of the factors required by R.C. 2929.12. To the contrary, a review of the transcripts from the sentencing proceeding reveals that the trial court did comment on its considerations:

> THE TRIAL COURT: Whenever a Court has to sentence someone who's been convicted of a felony I have to make certain comments required by the Ohio Revised Code. One of which I have to comment on the purposes and principles of felony sentencing. They're set out in the revised code and I'm just saying for the record that I have considered those purposes and principles in deciding what I should do in this particular case.
>
> I'm also required to make comments about seriousness and recidivism factors, and that is, I'm supposed to consider: Is an offender's conduct in this particular case considered more serious, and there's about a dozen factors that would make that applicable, one of which of course has been commented on and it jumps out, and that is, it makes it more serious, is the victim suffered serious physical harm, so that's clearly applicable here.
>
> I don't find any of the factors that are listed that might make someone's conduct less serious to be applicable.
>
> In addition I have to comment on whether or not I think recidivism is more likely or less likely, that means repeat crime. There are factors that are set out there. Certainly Mr.

4

> Gaspare's history of criminal convictions is a factor that is one of the ones that's applicable.
>
> Likewise, that the offender has not responded favorably to sanctions previously imposed.
>
> And lastly, whether or not the offender shows a pattern of alcohol or drug use related to the offense and doesn't acknowledge it or refuses treatment.
>
> Whether or not there is genuine remorse in this case which is another factor is difficult as always for me to make a firm conclusion on but certainly I acknowledge the prosecution's arguments that Mr. Gaspare when interviewed didn't show the same sense of remorse that he does today.

{¶15} The trial court was not silent, and indicated in the record that it did considered the required factors in R.C. 2929.11 and R.C. 2929.12. Gaspare fails to demonstrate the trial court did not consider the required factors, and no findings are required to comply with the requirements of R.C. 2929.11 or R.C. 2929.12. *Lamb*, 2023-Ohio-2834, ¶ 10 (11th Dist.), quoting *Shannon*, 2021-Ohio-789 at ¶ 17 (11th Dist.).

**Requirements Under R.C. 2929.14**

{¶16} The trial court is also required to make certain findings under 2929.14(C).

{¶17} There is a statutory presumption in favor of concurrent sentences. R.C. 2929.14(A). However, R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or

5

sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶18} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶19} The transcripts of the sentencing proceeding indicate the trial court made the required findings:

> THE TRIAL COURT: So I do find that in this case there are two or more of the multiple offenses have been committed as a single course of conduct and the harm has been so great or unusual that a single term, prison term, does not adequately reflect the seriousness of the conduct and I also find that your criminal history shows that consecutive terms are needed to protect the public.

6

Case No. 2024-G-0004

{¶20} The record supports the trial court's findings. The trial court is not under any obligation to support the reasons behind its findings. *Bonnell*, at ¶ 37. Accordingly, Gaspare's assignment of error is without merit.

{¶21} For the foregoing reasons, we affirm the decision of the Geauga County Court of Common Pleas.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2024-G-0004