[Cite as *State v. Hoke*, 2025-Ohio-2300.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-A-0071 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ALEXANDER ELLIS HOKE, | |
| Defendant-Appellant. | Trial Court No. 2023 CR 00364 |

## OPINION AND JUDGMENT ENTRY

Decided: June 30, 2025
Judgment: Affirmed

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Sean P. Martin*, 113 North Chestnut Street, Suite A, Jefferson, OH 44047 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Alexander Ellis Hoke, appeals the judgment of the Ashtabula County Court of Common Pleas convicting him, after accepting his plea of guilty to one count of obstructing justice, a felony of the third degree, and one count of tampering with evidence, also a felony of the third degree. We affirm the judgment of the trial court.

{¶2} Mr. Hoke was indicted on one count of aggravated murder, an unclassified felony, in violation of R.C. 2903.01; one count of aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1); one count of obstructing justice, a felony of the third degree, in violation of R.C. 2921.32(A)(4) and (C)(4); another count of obstructing

justice, a felony of the third degree, in violation of R.C. 2921.32(A)(4) and (C)(4); and one count of tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A).

{¶3} After plea negotiations, Mr. Hoke entered a guilty plea to count three, obstructing justice, and count five, tampering with evidence. After engaging Mr. Hoke in a thorough plea colloquy, the trial court accepted the guilty plea. The matter proceeded to sentencing, and, after a hearing, the trial court imposed a 36-month term of imprisonment on the obstructing justice count and a 24-month term of imprisonment on the tampering with evidence count. The trial court ordered the terms to be served consecutively for a total term of five years in prison.

{¶4} A notice of appeal was filed, and appellate counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), claiming he had "carefully examined the facts and matters contained in the record on appeal and [had] researched the law in connection therewith and . . . concluded that the appeal does not present a nonfrivolous legal question." In this brief, counsel also requested to withdraw as counsel and clarified that a copy of the brief was sent to Mr. Hoke explaining the nature of the *Anders* brief.

{¶5} When assessing *Anders* briefs, we look to *Anders v. California*, 386 U.S. 738 (1967), where the United States Supreme Court outlined the proper steps to be followed in this situation:

> (1) counsel should act in the role of active advocate for his client; (2) counsel should support his client to the best of his ability; (3) if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; (4) the request to withdraw must be accompanied by a brief referring to anything in the record that

might arguably support the appeal; (5) counsel should furnish the indigent client with a copy of counsel's brief, and time must be allowed for the client to raise any points he chooses; (6) the court, not counsel, proceeds and decides whether the case is frivolous after full examination of all the proceedings. *Id.* at 744.

*State v. Spears*, 2014-Ohio-2695, ¶ 5 (11th Dist.).

{¶6} Here, appellate counsel raises the following issue: "[D]id the Trial Court abuse its discretion when it imposed consecutive sentences upon the Appellant[?]"

{¶7} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2).

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing . . . if it clearly and convincingly finds either . . . [t]hat the record does not support the sentencing court's findings under division . . . (C)(4) of section 2929.14 [to impose consecutive sentences] [or t]hat the sentence is . . . contrary to law.

R.C. 2953.08(G)(2)(a) and (b). "'"[A] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12."'" *State v. Boone*, 2024-Ohio-6116, ¶ 33 (11th Dist.), quoting *State v. Lamb*, 2023-Ohio-2834, ¶ 10 (11th Dist.), quoting *State v. Shannon*, 2021-Ohio-789, ¶ 11 (11th Dist.).

{¶8} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing." R.C. 2929.11(A).

> The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation

Case No. 2024-A-0071

of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

*Id.*

{¶9} "[A] court that imposes a sentence . . . upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of [felony] sentencing . . . ." R.C. 2929.12(A). "In exercising that discretion, the court shall consider the factors . . . relating to the seriousness of the conduct, the factors . . . relating to the likelihood of the offender's recidivism, . . . and . . . may consider any other factors that are relevant to achieving those purposes and principles of sentencing." *Id.* A non-exhaustive list of factors relating to the seriousness of the offender's conduct and likelihood of recidivism is set forth in divisions (B), (C), (D), and (E) of R.C. 2929.12. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 42; *see also id.* at ¶ 39 ("R.C. 2953.08(G)(2)(b) . . . does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.").

{¶10} Appellate counsel acknowledges that the sentences were within the statutory range for third-degree felonies. We agree with this concession.

{¶11} Mr. Hoke was sentenced on two third-degree felonies, one a 36-month term and the other a 24-month term; under the governing statute, R.C. 2929.14(A)(3)(b), the prison terms are within the statutory range (for the crimes to which Mr. Hoke pleaded

guilty "the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months). The sentence, in this respect, is not contrary to law.

{¶12} Moreover, the trial court made all the necessary R.C. 2929.14(C)(4) findings. The trial court observed: "The Court finds that consecutive sentences are necessary to protect the public from future crimes or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *See* R.C. 2929.14(C)(4).

{¶13} The trial court further found that "[b]ecause this Defendant committed these offenses, at least two of the multiple offenses were committed as a part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses was so great - - specifically the death of one individual and the wounding of another, or unusual that no single prison term for any of the offenses committed as part of any courses of conduct accurately, adequately reflects the seriousness of the offender's conduct." *See* R.C. 2929.14(C)(4)(b).

{¶14} The record supported these findings and were statutorily sufficient to support the imposition of consecutive sentences. Appellate counsel's sole issue for review is therefore without merit.

{¶15} After an independent review of the record, the only other argument appellate counsel could have raised was that Mr. Hoke did not enter his plea knowingly, intelligently, and voluntarily.

{¶16} We point out that appellate counsel acknowledged he examined the transcripts of the plea hearing, and, in his view, the colloquy was conducted properly, pursuant to Crim.R. 11. Our review of the record leads us to the same conclusion.

Case No. 2024-A-0071

{¶17} Crim.R. 11(C)(2) provides:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶18} Crim.R. 11(C)(2)(a) and (b) set forth the non-constitutional advisements a trial court must give to a defendant to assure the plea is being made voluntarily, intelligently, and knowingly. *State v. Dangler,* 2020-Ohio-2765, ¶ 10-14; *see also State v. Jones,* 2007-Ohio-6093, ¶ 12. Crim.R. 11(C)(2)(c) sets forth the constitutional advisements a trial court must provide a criminal defendant. *State v. Veney*, 2008-Ohio-5200, ¶ 13. Generally, where the trial court fails to properly follow the Crim.R. 11(C) procedure, a reviewing court will not vacate the plea unless the defendant demonstrates prejudice. *Dangler* at ¶ 16. There are two exceptions to the prejudice requirement: (1) where the trial court fails to explain the constitutional rights a defendant waives by

Case No. 2024-A-0071

entering his plea, and (2) where the trial court completely fails to comply with a portion of Crim.R. 11(C). *Dangler* at ¶ 14-15.

{¶19} In this matter, the trial court advised Mr. Hoke of the nature of the offenses to which he was pleading as well as the maximum penalties for these offenses. The trial court also explained the mechanism and details of community control sanctions. Although the trial court did not specifically state it could immediately proceed to sentence, it did notify Mr. Hoke of its intention to "schedule sentencing at a later date." We conclude the trial court did not completely fail to comply with a portion of Crim.R. 11(C)(2)(a) and (b).

{¶20} Furthermore, the trial court specifically advised Mr. Hoke he was waiving: his right to a trial by jury; his right to cross-examine the State's witnesses; his right to call witnesses on his behalf and/or have any reluctant witness subpoenaed by the court; as well as right to testify (or not testify) on his own behalf. Thus, the trial court complied with the constitutional advisements of Crim.R. 11(C)(2)(c).

{¶21} When "the appellate court determines there are no meritorious issues, it may grant counsel's request to withdraw as counsel and affirm the trial court's decision." *State v. Miller*, 2007-Ohio-5206, ¶ 6 (11th Dist.). After a thorough and independent review of the record, including transcripts of the proceedings and appellate counsel's brief, we hold that there were no arguable legal points on the merits. Therefore, counsel's motion to withdraw is granted, and the judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.

MATT LYNCH, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2024-A-0071

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's appeal is wholly frivolous. It is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

It is further ordered that the motion to withdraw as counsel for appellant filed by Attorney Sean P. Martin is hereby granted.

Costs to be taxed against appellant.

 

JUDGE EUGENE A. LUCCI

JUDGE MATT LYNCH,
concurs

JUDGE SCOTT LYNCH,
concurs

| THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY |
|---|
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case No. 2024-A-0071