[Cite as *State v. Gazella*, 2025-Ohio-4634.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>RICHARD A. GAZELLA, III,<br><br>Defendant-Appellant. | CASE NOS. 2025-L-031<br>2025-L-032<br><br>Criminal Appeals from the<br>Court of Common Pleas<br><br>Trial Court Nos. 2024 CR 000758<br>2024 CR 001406 |

---

## OPINION AND JUDGMENT ENTRY

Decided: October 6, 2025
Judgment: Affirmed

---

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Jamie R. Eck*, Assistant Public Defender, 100 West Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Richard A. Gazella, III, appeals two judgments on sentence of the Lake County Court of Common Pleas. Gazella takes issue with the consecutive nature of the sentences imposed by the trial court. We affirm.

{¶2} On December 19, 2024, in Case No. 24CR000758, Gazella pleaded guilty to one count of attempted domestic violence, a felony of the fifth degree, in violation of R.C. 2919.25(A) and 2923.02. Gazella was referred to the Lake County Adult Probation Department for a presentence investigation report ("PSI"), a victim impact statement, a drug and alcohol evaluation, and a psychological evaluation.

{¶3}   In February 2025, Gazella appeared for sentencing in Case No. 24CR000758; prior to proceeding to sentencing, however, Gazella pleaded guilty via information to one count of trespass in a habitation when a person is present or likely to be present, a felony of the fourth degree, in violation of R.C. 2911.12(B). *See* Case No. 24CR001406. Because the PSI was prepared, the trial court proceeded to sentencing in both cases.

{¶4}   In Case No. 24CR000758, Gazella was sentenced to a term of 11 months in prison, and in Case No. 24CR001406, he was sentenced to a prison term of 12 months. The trial court ordered the sentences to be served consecutively to one another.

{¶5}   Gazella appeals the trial court's sentencing entry and assigns the following as error:

{¶6}   "The trial court erred by sentencing the defendant-appellant to consecutive prison sentences of eleven months on count one in case 24CR000758 and twelve months on count one in case 24CR001406, totaling twenty-three months, as that sentence is contrary to law.

{¶7}   Under this assignment of error, Gazella concedes the trial court made the necessary statutory findings to impose consecutive sentences. He contends, however, that the sentences are contrary to law because the record lacks clear and convincing evidence that consecutive sentences were necessary to protect the public. We do not agree.

{¶8}   Review of felony sentences is governed by R.C. 2953.08(G) which provides that the appellate court may increase, reduce, or modify a sentence, or vacate and remand the sentence, if it clearly and convincingly finds the sentence to be contrary to

Case Nos. 2025-L-031 and 2025-L-032

law. *See, e.g., State v. Lamb*, 2023-Ohio-2834, ¶ 9 (11th Dist.). A sentence is contrary to law when it is outside the statutory range for the offense or if the trial court does not consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Shannon*, 2021-Ohio-789, ¶ 11 (11th Dist.).

{¶9}     Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is necessary to protect the public from future crime or to punish the offender; that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present. Those factors include the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10}  In cases where the trial court makes the appropriate findings to impose consecutive sentences, as it did in this case, this court's review of the record is limited to determine whether the record clearly and convincingly does not support the imposition of consecutive sentences. *State v. Gwynne*, 2023-Ohio-3851, ¶ 14-15 (plurality).

Case Nos. 2025-L-031 and 2025-L-032

{¶11} In this matter, the trial court found:

> Consecutive sentences are necessary to protect the public from future crime and to punish this offender. They are not disproportionate to the seriousness of his conduct and to the danger he poses to the public. In addition, he committed the second offense while out on bond awaiting trial in the first offense, and his history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by him.

{¶12} With these points in mind, Gazella notes that, in *State v. Brown*, 2017-Ohio-9259, ¶ 81 (11th Dist.), the lead opinion observed:

> [T]here are two somewhat redundant findings required under R.C. 2929.14(C)(4). The trial court must first make the threshold finding that consecutive sentences are "necessary to protect the public from future crime . . . ." The court must then proceed to make an *additional* finding under (a), (b) or (c). The additional finding under subsection (c) requires the court to find that it is because of the offender's history of criminal conduct that consecutive sentences are "necessary to protect the public from future crime by the offender."

(Emphasis in original.)

{¶13} Based upon this legal point, Gazella argues his sentence is clearly and convincingly contrary to law because the record reveals consecutive service was not necessary to protect the public from future crime or to punish the offender. *See* R.C. 2929.14(C)(4). He emphasizes his offenses were prompted by his addictions. He also points out the contrition he showed at the sentencing hearing. He additionally underscores his willingness to participate in rehabilitative programs. Given these details, as well as the recommendations of his psychological evaluation (indicating that treatment with a jail treatment program and/or dual diagnosis residential treatment program would be appropriate), he argues consecutive service was not necessary to protect the public. Building upon this premise, he maintains the trial court's determination that his history of

Case Nos. 2025-L-031 and 2025-L-032

criminal conduct is necessary to protect the public from future crime, *see* R.C. 2929.14(C)(4)(c), is undermined by the record.

{¶14} With respect to the lead opinion's previous observation in *Brown*, the findings, while "somewhat redundant" are not necessarily redundant. The full text of R.C. 2929.14(C)(4) provides a court may issue consecutive sentences if it determines it is necessary to protect the public from future crime *or to punish the offender*. The disjunct qualifies the distinction between section (C)(4) and subsection (C)(4)(c). In this case, the trial court determined "[c]onsecutive sentences are necessary to protect the public from future crime *and to punish this offender*." Accordingly, the trial court found that community protection from future crime and punishment were both triggered in Gazella's case.

{¶15} That said, we conclude the trial court's imposition of consecutive sentences is supported by the record and not contrary to law. Gazella demonstrated remorse and the trial court observed he "accepted responsibility" in Case No. 24CR001406, the offense which occurred while he was awaiting sentencing for Case No. 24CR000758. And regardless of the recommendations of the psychological evaluation, the trial court's findings support the imposition of consecutive sentences.

{¶16} The trial court expressly considered the purposes and principles of felony sentencing, pursuant to R.C. 2929.11. The court also explicitly outlined the factors making the offenses more serious as well as the aspects of Gazella's record which indicated recidivism was likely. *See* R.C. 2929.12.

{¶17} Regarding the R.C. 2929.14(C)(4) factors, the trial court pointed out that Gazella has a history of criminal convictions, including 12 misdemeanor convictions and two felony convictions. And Gazella had been sent to prison previously on one of the

previous felony cases. The court's recidivism concerns and Gazella's past criminal record furnish a reasonable and credible foundation for the court to conclude that consecutive sentences are necessary to protect the public from future criminal acts Gazella might commit.

{¶18} It is worth noting that our review of the PSI indicates Gazella has 18 misdemeanor convictions (several of which were minor misdemeanors). Also, while he had been sentenced to prison in one felony case, in the other felony, his sentence included a requirement that he successfully complete a jail treatment program and follow all aftercare recommendations; attend four alcoholics anonymous meetings per week and obtain a sponsor; take all medications as prescribed; and submit to random urine screenings. These points are important to the extent Gazella asserts his criminal history does not suggest consecutive sentences are necessary to protect the public as well as his claim that additional residential or non-residential treatment was a more appropriate or effective sentencing option.

{¶19} Moreover, even though the trial court reviewed the presentence investigation report as a basis for its sentencing decision, the judge pointed to only several of the salient facts supporting his decision. The PSI record reveals substantially more evidence supporting the imposition of consecutive sentences. Gazella committed the offense in the second case while awaiting sentencing on the first case, *despite* having received a favorable plea arrangement that allowed him to plead guilty to what is characterized as "attempted, attempted domestic violence"—an artificial construct that reduced his exposure from a fourth-degree felony under R.C. 2919.25(D)(3) to a fifth-degree felony.

Case Nos. 2025-L-031 and 2025-L-032

{¶20} And, as noted previously, the record demonstrates a pattern of unsuccessful rehabilitation attempts and continued recidivism. Gazella was ordered to participate in a jail treatment program in 2016, followed by the Northeast Ohio Community Alternative Program after violating community control, and after another violation of community control, was sentenced to prison. Gazella later engaged in further treatment at Silver Maple Recovery in Lorain in 2021. He maintains that he successfully completed these programs. Despite these multiple intervention opportunities, Gazella continues to use drugs, which he attributes as the cause of his criminal behavior in both cases on appeal.

{¶21} Gazella's recent criminal activity occurred shortly after his release from his second prison commitment on January 11, 2024—he committed the offense in Case 24CR000758 merely 75 days later. In both incidents underlying the cases on appeal, Gazella attempted to evade arrest by fleeing or concealing himself. Additionally, the record suggests Gazella may have violated a protective or restraining order when committing the criminal trespass charge in Case 24CR001406, though he was permitted to avoid that additional charge.

{¶22} The record further reflects Gazella's chronic disregard for legal obligations, evidenced by ten convictions for driving without a license or under suspension. His credibility with authorities is also questionable: although he obtained a medical marijuana card on October 1, 2024, and claimed to purchase marijuana from dispensaries, the OARRS report shows no such purchases. Finally, Gazella's Ohio Risk Assessment System score of 27 indicates a moderate to high risk of reoffending, supporting the trial court's concern for public protection.

Case Nos. 2025-L-031 and 2025-L-032

{¶23} In sum, Gazella did, as a matter of fact, commit the second offense while he was awaiting sentencing on the first offense. *See* R.C. 2929.14(C)(4)(a). The trial court expressly made this finding at the sentencing hearing. This finding, in conjunction with the trial court's proper "criminal-history" finding, is sufficient to meet the court's burden under R.C. 2929.14(C)(4)(a)-(c). And the information disclosed in the PSI reflects multiple, additional bases to buttress the trial court's consecutive sentencing order.

{¶24} There is nothing to indicate that the trial court erred in sentencing Gazella to consecutive sentences. Gazella's assignment of error is without merit.

{¶25} The Lake County Court of Common Pleas' judgments are affirmed.


ROBERT J. PATTON, P.J.,

JOHN J. EKLUND, J.,

concur.

Case Nos. 2025-L-031 and 2025-L-032

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit. It is the judgment and order of this court that the judgments of the Lake County Court of Common Pleas are affirmed.

Costs to be taxed against appellant.

---

JUDGE EUGENE A. LUCCI

---

PRESIDING JUDGE ROBERT J. PATTON,
concurs

---

JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case Nos. 2025-L-031 and 2025-L-032